IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE HIGHWART, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 19-295
)
NANCY A. BERRYHILL )
COMMISSIONER, SOCIAL SECURITY )
ADMINISTRATION, )
)
    Defendant. )

O R D E R

AND NOW, this 26th day of September, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to pose an appropriate hypothetical question, that contained all of her credibly established limitations, to the vocational expert ("VE") in this case. More specifically, Plaintiff contends that the ALJ's hypothetical question was incomplete because it did not include any limitations on reaching, handling and fingering. The Court disagrees and finds that substantial evidence supports the ALJ's findings upon which the hypothetical question to the VE was based.

A hypothetical question to a VE need only include those functional limitations that are credibly established in the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Thus, Plaintiff is essentially arguing here that the ALJ erred in making the residual functional capacity ("RFC") assessment upon which his hypothetical question was based. A claimant's RFC is the most that a claimant can do despite his limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945.

In support of her argument, Plaintiff first notes that the ALJ, in his decision, outlined her testimony regarding upper extremity complaints, which included cramping, burning, and spasm in her hands. Plaintiff also notes that she alleged having difficulties in her written reports. (R. 219). Finally, Plaintiff asserts that her treating physicians, Erek Lam, M.D. and Vincent Petraglia, M.D., opined that she had limitations in her ability to handle, finger and reach. Plaintiff thus contends that the ALJ erred by including no limitations on handling or reaching in her RFC, despite the existence of this evidence in the record.

The Court notes at the outset that Plaintiff has not identified any objective evidence of handling or reaching limitations, and she has cited only to her testimony and her written reports—all subjective evidence—in support of her manipulative limitations. The regulations, however, provide that a claimant's statements alone are not sufficient to establish functional limitations or disability. See 20 C.F.R. §§ 404.1529(a), 416.929(a). Moreover, the ALJ found that Plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record, and Plaintiff has not objected to the ALJ's evaluation of her credibility. (R. 21).

Plaintiff also states that the ALJ gave "little" weight to the opinion of her primary care physician, Dr. Petraglia, but that it is not clear how his opinion was incorporated into the ALJ's RFC. (R. 473). First, it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20

C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Additionally, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

In the present case, the Court finds that the ALJ sufficiently explained his rationale for giving Dr. Petraglia's opinion little weight in his analysis. The ALJ did not fail to provide sufficient reasons for discounting Dr. Petraglia's opinion, nor did he simply substitute his own lay analysis for the judgment of Dr. Petraglia in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Petraglia's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927.

In fact, the ALJ explained the weight that he was giving to Dr. Petraglia's opinion only after engaging in an extensive discussion of the evidence of record, including Plaintiff's treatment records and other objective medical evidence, her reported symptoms, and discussion of her activities of daily living. (R. 20-26). Specifically, Dr. Petraglia opined on May 18, 2017, and on July 21, 2015, that Plaintiff could only rarely (0-30% of the time) reach up above her shoulders, reach down to waist level, reach down towards the floor, carefully handle objects, and handle with fingers. (R. 473, 582). After careful consideration however, the ALJ decided to afford that opinion little weight. (R. 25-26). The ALJ explained that, although Dr. Petraglia was Plaintiff's primary caregiver, he was not a specialist, his opinion was based on primarily subjective reports, and his records showed normal testing. (R. 25-26). The ALJ also noted that Dr. Petraglia had referred to Plaintiff needing life sustaining medication, but did not identify the medication to which he was referring. (R. 26, 475). He further noted that Dr. Petraglia's opinion was inconsistent with the opinion of Dr. Lam, to which he gave greater weight. (R. 25-26). The Court thus concludes that the ALJ's analysis adequately explains his reasons for giving Dr. Petraglia's opinion little weight. The Court also finds that, although the ALJ clearly did not adopt Dr. Petraglia's opinion with regard to handling, fingering or reaching, he did limit Plaintiff to sedentary work and found that she had other limitations (such as only occasionally kneeling and stooping) which were consistent with Dr. Petraglia's other findings and thus demonstrate that the ALJ gave that opinion some—albeit little—weight. (R. 471-76, 580-85).

Similarly, Plaintiff argues that the ALJ also gave her treating neurologist, Dr. Lam, "little weight" in his analysis, but that it is not clear what parts of the opinion were given weight by the

ALJ. Plaintiff notes that, although Dr. Lam found Plaintiff to be less restricted than Dr. Petraglia did, Dr. Lam did find Plaintiff to be somewhat restricted in handling objects and handling with fingers. (R. 588).

Specifically, Dr. Lam found on May 24, 2017 that Plaintiff could "consistently" (meaning 70%-100% of the time) reach up above shoulders, reach down to waist level, and reach down towards the floor, and that she could "frequently" (meaning 30%-70% of the time) carefully handle objects and handle with fingers. (R. 588). The ALJ explained in his decision that he was giving this opinion of Dr. Lam "partial" weight (not "little" weight, as Plaintiff stated in her brief) because he was Plaintiff's treating neurologist and because his opinion was generally consistent with the evidence of record showing intact neurologic functioning with some sensation deficits. (R. 25). The ALJ further explained, however, that there was no objective evidence supporting limitations on handling objects, there was no objective evidence supporting limitations to a 4-hour workday or the need for extra breaks, and Dr. Lam provided no explanation for such findings. (R. 25). Upon review, the Court concludes that the ALJ's analysis sufficiently explains his rationale for giving Dr. Lam's opinion partial weight. The Court also finds that, although the ALJ did not explicitly adopt Dr. Lam's opinion with regard to frequent handling or fingering, he did limit Plaintiff to sedentary work and found that she had other limitations (such as kneeling and stooping restrictions) which were consistent with Dr. Lam's other findings and thus demonstrate that the ALJ gave that opinion partial weight. (R. 586-91).

Additionally, the Court notes that, even if the limitation of frequent handling or fingering had been added to the RFC, the representative jobs identified by the VE could still be performed. See DICOT 249.587-018, 1991 WL 672349, Document Preparer (no more than frequent handling and fingering); DICOT 739.687-182, 1991 WL 680217, Table Worker/Inspector (no more than frequent handling and fingering); DICOT 379.367-010, 1991 WL 673244, Surveillance System Monitor/Guard (handling and fingering not present). Therefore, even if the ALJ had erred in not including frequent handling or fingering limitations in the RFC, such error would have been harmless since, even including such limitations, Plaintiff could still perform the jobs the VE identified.

Thus, as discussed, supra, the Court finds that substantial evidence supports the ALJ's assessment that Plaintiff had the RFC to perform sedentary work with certain additional restrictions, but without restrictions on reaching, fingering and handling. (R. 20). The Court also finds that the ALJ carefully reviewed Plaintiff's subjective complaints in her testimony and in written records, and did not err in giving little weight to the opinion of Dr. Petraglia or in giving partial weight to the opinion of Dr. Lam, nor did the ALJ err in explaining his conclusions and formulating the RFC. Moreover, the Court finds that the ALJ did not err in posing the hypothetical question to the VE based on that RFC. Accordingly, the Court affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record